UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA SHALDERS, et al., Plaintiff, v. DEPARTMENT OF CHILDREN AND FAMILIES., Defendants. | Civil Action No. 22-12231-NMG |

**ORDER**

GORTON, J.

Pro se litigant Gloria Shalders brings this action against the Massachusetts Department of Children and Families ("DCF"), a judge of the Commonwealth's Probate and Family Court (Jennifer Malia), certain state employees, and a private attorney who briefly represented Shalders. Shalders alleges that the defendants violated her state and federal rights with regard to DCF's case concerning her minor children and resulting Family Court proceedings.

Now pending before the Court are the motions to dismiss of the state defendants (Docket # 20) and of Carpe (Docket # 18) and Shalders's motions to amend the complaint and for appointment of counsel (Docket ## 30, 31). Upon review of the motions, the Court hereby orders:

1.    The motion to amend (Docket No. # 30) is **ALLOWED**.  The
Court recognizes the defendants' futility argument in opposition
to the motion to amend.  However, allowing Shalders to file her
amended complaint at this juncture does not prejudice the
defendants any more than it would have if she had filed the
amended pleading as a matter of right by May 5, 2023.  See Fed.
R. Civ. P. 15(a)(1)(B).  At that time, as now, the defendants'
motions to dismiss were pending and discovery had not commenced.
Although Shalders's pro se status does not exempt her from
compliance with the Federal Rules of Civil Procedure or this
Court's Local Rules, given the lack of prejudice to the
defendants, the Court will afford Shalders some leeway and allow
the motion.

If Shalders seeks further amendment of her pleading, she
may do so only upon leave of the Court.  See Fed. R. Civ. P.
15(a)(2).  Any amended pleading filed without leave of court
will be stricken from the docket.

2.    The motions to amend (Docket ## 18, 20) ~~shall~~ are        *SMS*
**DENIED** without prejudice as moot.

3.    Although the Court is allowing the motion to amend,
the following claims in the amended complaint are DISMISSED[1]:

---

[1] A court has the inherent power to dismiss frivolous claims,
regardless of the status of the filing fee.  See Fitzgerald v.
First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir.
2000) (per curiam); Brockton Sav. Bank v. Peat, Marwick,

(i)  All claims against DCF are **DISMISSED**.  States
(including their departments and agencies) are not subject to
suit under 42 U.S.C. § 1983.  See Will v.  Mich. Dep't of State
Police, 491 U.S. 58, 71 (1989).  In addition, the Eleventh
Amendment of the United States Constitution bars suits in
federal courts against a State, its departments and its
agencies, unless the State has consented to suit or Congress has
overridden the State's immunity.  See Virginia Office for
Protection & Advocacy v. Stewart, 563 U.S. 247, 253-54 (2011).
Here, the Court cannot discern any claim for relief against DHCD
for which the Commonwealth of Massachusetts has waived its
immunity or Congress has overridden it.

(ii) All claims against Judge Melia are **DISMISSED**.
Under the doctrine of judicial immunity, judges are immune "from
liability for damages for acts committed within their judicial
jurisdiction." Pierson v. Ray, 386 U.S. 547, 554 (1967).  As
all of Shalder's allegations against Judge Melia relate to her
judicial actions, Shalders has failed to state a claim for
damages against Judge Melia.  Any claims against Judge Melia for
injunctive relief fare no better.  A judge enjoys immunity from
claims for injunctive relief unless "a declaratory decree was

Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985).  In legal
parlance, a claim is objectively "frivolous" when it "lacks an
arguable basis either in law or in fact." Neitzke v. Williams,
490 U.S. 319, 325 (1989).

violated or declaratory relief was unavailable." 42 U.S.C.
§ 1983. Neither circumstance exists in this action.

4.   The motion for appointment of counsel (Docket # 31) is
**DENIED**.

Under 28 U.S.C. § 1915(e)(1), the Court "may request an
attorney to represent any person unable to afford counsel." 28
U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a
constitutional right to free counsel. See DesRosiers v. Moran,
949 F.2d 15, 23 (1st Cir. 1991). The appointment of counsel for
an indigent party is only required when "exceptional
circumstances" exist such that the denial of counsel will result
in fundamental unfairness impinging on the party's due process
rights. See id. In considering whether the appointment of
counsel is necessary, the Court considers the "total situation,"
including "the merits of the case, the complexity of the legal
issues, . . . the litigant's ability to represent himself," id.
at 24, and the efforts the litigant has made to obtain legal
representation.

Upon reviewing the pleadings, the Court concludes that
exceptional circumstances requiring the appointment of pro bono
counsel are not present.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

4

Dated:   11/13/2023