UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLORIA SHALDERS,<br>      Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILDREN AND<br>FAMILIES, et al.,<br>      Defendants. | Civil Action No.<br>22-12231-NMG |

ORDER

GORTON, J.

Having reviewed the Plaintiff's motion for reconsideration (Docket # 36) of the Court's November 14, 2023 order (Docket # 24), the Court **DENIES** the motion.

Plaintiff's challenge to the Court's dismissal of the Department of Children and Families as a defendant is unavailing. In ratifying the Fourteenth Amendment, the States did not waive their Eleventh Amendment immunity. Although Congress has authority to pass legislation abrogating the States' Eleventh Amendment immunity in order to enforce the Fourteenth Amendment, see U.S. Const. amend. XIV, § 5, no such legislation is implicated in this action. Further, the Ex parte Young exception to Eleventh Amendment immunity, see Ex parte Young, 209 U.S. 123 (1908), applies only in a suit against a state official acting in their official capacity, not against

the state agency itself, see e.g., Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) ("Appellants having sued only state agencies, not officials, there is no basis for invoking Ex parte Young . . . .").

    Plaintiff's argument that Judge Jennifer Melia's alleged misconduct was not committed within her judicial jurisdiction is without any merit.

    Regarding the motion for appointment of counsel, Plaintiff may file a renewed motion for appointment of counsel if and when the case proceeds to discovery.

    **So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated: 12/07/2023